UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| BOBBY W. BRYANT, JR., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| v. | ) | **ELECTRONICALLY FILED** |
| | ) | |
| NORFOLK SOUTHERN RAILROAD And JASON McWILLIAMS, | ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND WRONGFUL TERMINATION**

Comes the Plaintiff, Bobby W. Bryant, Jr., and files this Complaint for Employment Discrimination and Wrongful Termination against the above-named Defendants, and hereby states and alleges as follows:

**PRELIMINARY STATEMENTS**

1. This is an employment discrimination and wrongful termination suit brought by a former employee of the Norfolk Southern Railroad (hereinafter "Railroad") who was terminated from his job on November 13, 2019. Plaintiff alleges herein that his termination was as a result of his age, sex and or gender discrimination in violation of the equal protection provisions of the United States Constitution, the Georgia Constitution and Title VII of the Civil Rights Act, and the Age Discrimination in Employment Act

## PARTIES

2. Plaintiff is a white male who is a resident Macon, Bibb County, Georgia and is a citizen of the United States of America. At all times relevant to this complaint, and until his employment was terminated, Plaintiff was employed with Norfolk Southern Railroad as a conductor/engineer and had been so employed for a number of years prior to his wrongful termination.

3. Plaintiff was terminated from his employment after exhausting all administrative and internal remedies allowed by the "Railroad" and labor board associated therewith.

4. Defendant Norfolk Southern Railroad, Inc. operates a rail line and owns and operates property within the City of Macon, Bibb County, Georgia, known commonly as "Brosnan Yard" and affiliated offices located at 223 Walnut Street, Macon, Georgia.

5. Defendant Jason McWilliams, was an employee of the "Railroad", and a co-employee of Plaintiff. He is a resident of Jones County, Georgia.

6. At all times relevant herein, the Defendant, Norfolk Southern Railroad, had at least fifteen (15) employees and was therefore an "employer" within the meaning of Title VII referenced herein.

7. At all times relevant to this Complaint, Defendant Jason McWilliams, was an employee of the "Railroad" and worked out of the "BrosnanYard" in Macon, Bibb County, Georgia.

8. The Defendants, by virtue of the facts alleged herein, are subject to the jurisdiction and venue of this Honorable Court.

9. The "Railroad" is vicariously liable for the acts of its agents and employees, including Defendant Jason McWilliams.

## JURISDICTION AND VENUE

10. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

11. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §§2000e, et seq. Plaintiff additionally raises other employment-related claims under state common law.

12. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(3),(4). This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as Plaintiff's Title VII claims.

13. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq.

14. In addition, this Court has supplemental jurisdiction over the any state law claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e5(f)(3), because the "Railroad" maintains offices in this district, conducts business in this district, and has a substantial part of the events giving rise to the claims occurred in this district, and because the alleged unlawful practices were committed here, and the employment records relevant to those practices are maintained and administered here. In

addition, venue is proper as to Defendant McWilliams as he is a resident of Macon, Bibb County, Georgia.

16. Defendant McWilliams is also a resident of Jones County, Georgia and is subject to the jurisdiction and venue of this Court.

17. The Middle District of Georgia has personal jurisdiction over the State of Georgia and the Georgia Department of Health because it maintains offices in this District, does business within the Court's jurisdiction in this district, and because many of the acts complained of and giving rise to the claims alleged herein occurred in Macon, Bibb County, Georgia.

18. Plaintiff has exhausted his administrative remedies and complied with all statutory prerequisites to his Title VII claims, including but not limited to filing an action and claim for discrimination through the Equal Employment Opportunity Council "EEOC", and receiving a "right to sue" letter dated March 9, 2020. (A true and correct copy of the Plaintiff's right to sue letter is attached hereto and incorporated by reference herein as Exhibit "A").

## STATEMENT OF FACTS

19. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

20. Plaintiff was employed by the "Railroad" as an engineer/conductor whose responsibilities included, but were not limited to, the operation of Norfolk Southern owned railroad train and cars and all related job duties associated therewith.

21. During the times of his employment with the "Railroad", Plaintiff performed his job duties satisfactorily or above as it relates to the charges and specifications which led to the Plaintiff's dismissal.

22. On or about August 20, 2019, the Plaintiff was assigned to work with Defendant Jason McWilliams to operate the locomotive owned by the "Railroad".

23. Between the dates of August 20, 2019 and August 23, 2019, the Plaintiff was sexually harassed by Defendant Jason McWilliams. Specifically, the Defendant McWilliams made overt remarks of a sexual nature; physical accosted the Plaintiff; threatened to "rape" the Plaintiff; and otherwise conducted himself in an unprofessional and aggressive manner, which forced the Plaintiff to work in a "hostile" work environment.

24. The Plaintiff reported Defendant McWilliams' conduct to his superiors at the "Railroad" who no immediate action and failed to properly remedy or otherwise prevent Defendant McWilliams' conduct or remove the Plaintiff from a "hostile" work environment in a timely manner.

25. It is alleged herein that the Plaintiff was terminated from his employment at the "Railroad" because of the unlawful and aggressive actions conducted by Defendant McWilliams; and for reporting such conduct to his superiors at the "Railroad".

26. Plaintiff was fired wrongfully and in retaliation for the reporting of the sexual harassment claim by his co-employee.

27. Plaintiff filed a grievance through the labor board associated with the "Railroad" and has therefore exhausted all administrative remedies through the "Railroad's" policies and procedures. In addition, since the Plaintiff has exhausted his rights through the "EEOC" and received a "right to sue" letter, this claim is right for adjudication by this Court. (See Exhibit "A" attached hereto).

28. Plaintiff, as a male, was treated differently from other similarly situated employees including female employees of the "Railroad" and the action taken by the Defendant

"Railroad" was as a direct result of Plaintiff's sex/gender and for no other reason other than as retaliation for the administrative complaints alleged herein. The findings by the labor board through the "Railroad" and the reasons stated for the "Railroad's" termination of the Plaintiff serves as a pretext for the unlawful discrimination and wrongful termination alleged herein.

29. Plaintiff has been a victim of disparate treatment on the basis of his sex/gender, in violation of federal and state laws.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
Race/Gender Based Discrimination in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. § 2000e-2(a)

30. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

31. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* prohibits discrimination based on sex, race, national origin, gender, disabilities, and other types of discrimination in employment practices.

32. Plaintiff alleges that Defendant "Railroad" actions had an adverse and disproportionate impact upon Plaintiff because of his sex and/or gender and that he was terminated by the "Railroad" for making allegations of a "hostile" work environment because of sexual harassment by co-employee, Defendant McWilliams. Such sexual harassment by co-employee is in direct violation of the rules and polices of Norfolk Southern Railroad and appropriate action should have been taken by this Defendant to prevent such discrimination, through training, education, or otherwise, and by failing to intervein into

such harassment to protect the Plaintiff and other similarly situation employees from ongoing harassment and to prevent a "hostile" work environment.

33. Based on the above-described acts, practices and omissions, Defendant "Railroad", and vicariously through its employees, engaged in unlawful discrimination under Title VII.

34. Defendant knew or should have known of Defendant McWilliams' conduct and failed to take prompt and/or remedial action as a result.

35. As Plaintiff was an "employee" as that term is defined by 42 U.S.C. § 2000e-2(f), and Defendant "Railroad" is an "employer" as that term is defined by 42 U.S.C. § 2000e-2(b), these parties are governed by rules, regulations and statutes under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. regarding discrimination and employment practices.

36. In unlawfully discriminating and retaliating against Plaintiff, Defendant "Railroad" acted willfully, wantonly and/or with malice and with conscious and/or reckless indifference to Plaintiff's equal rights under the law, thereby necessitating the imposition of damages as a result.

## SECOND CLAIM FOR RELIEF
Wrongful Termination in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. § 2000e-2(a)

37. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

38. Plaintiff was an "employee" of Defendant "Railroad" at the time of his discharge.

39. Defendant "Railroad" is an "employer" as that term is defined under Federal and Georgia law.

40. Plaintiff had an actual written or implied contract with the Defendant "Railroad" for continued employment as a conductor/engineer in the transportation department of this Defendant.

41. The Plaintiff, as a member of the local union, had a union negotiated contract executed on his behalf with the Defendant "Railroad".

42. By unlawfully, and without sufficient cause or reason, Defendant "Railroad" terminated the Plaintiff's employment, in violation of the actual and/or implied contract of employment existing between these parties.

43. As a result of the Defendant's conduct, Plaintiff has suffered loss of his employment, loss of income, emotional pain and suffering, embarrassment, inconvenience, and is therefore entitled to general and special damages, including but not limited to, economic damages for past due and prospective pay.

44. In addition, Plaintiff is entitled to seek the assessment of reasonable attorney's fees and litigation costs pursuant to 42 U.S.C. § 2000e-5(k) and corresponding State Court laws pertaining to unreasonable continued defense of this claim and such claims asserted by the Defendant which are made solely for the purposes of harassment or delay.

## THIRD CLAIM FOR RELIEF

45. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

46. Defendant McWilliams, by and through his actions as stated herein by making threatening remarks, physical assaults, and other unwanted conduct with Plaintiff, without Plaintiff's consent, is liable to Plaintiff in tort and responsible for general

damages for pain and suffering, and mental anguish, past, present, and future incurred by Plaintiff.

## JURY DEMAND

Plaintiff demands a jury trial on all issues and claims alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. That this Complaint be filed and that summons issue as required by law;

B. A declaration be made that Defendants' actions, polices, and practices, and omissions, as alleged herein, are unlawful;

C. The Plaintiff have judgment against the Defendants for his past due lost wages, lost perspective wages, and all other compensation denied or lost to Plaintiff by virtue of Defendants' unlawful actions in an amount to be proven at trial;

D. The Plaintiff have judgment against the Defendants for compensatory damages, including but not limited to, those damages for emotional distress, inconvenience, and mental anguish;

E. The Plaintiff have judgment against the Defendants for punitive damages in an amount to be determined at trial sufficient to punish and/or deter such future conduct;

F. For an Order adjoining Defendants from engaging in future unlawful acts as alleged herein;

G. For the assessment of reasonable attorney's fees against the Defendants and costs of related litigation expenses pursuant Federal and Georgia law; and

H. For such other and further relief as this Court deems appropriate for the administration of justice.

This __10th____day of ___June___, 2020.

/s/ *Neal B. Graham*

NEAL B. GRAHAM
Attorney for Plaintiff
GA Bar No: 304660

**GRAHAM LAW, LLC.**
3715 Vineville Avenue
Macon, GA 31204
(478) 284-0000
Nealgraham45@icloud.com