UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| BOBBY W. BRYANT, JR., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 5:20-CV-225-TES |
| v. | ) | |
| | ) | **ELECTRONICALLY FILED** |
| | ) | |
| NORFOLK SOUTHERN RAILROAD | ) | |
| And JASON McWILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT AS TO DEFENDANT JASON MCWILLIAMS**

COMES NOW, the Plaintiff, Bobby W. Bryant, Jr., in the above-captioned civil action and pursuant to Federal Rules of Civil Procedure responds to the Defendant's Motion to Dismiss with Prejudice the Amended Complaint filed by Plaintiff, respectfully showing as follows:

**I.    INTRODUCTION**

Plaintiff filed and properly served his original Complaint on Defendant Jason McWilliams. A Motion to Dismiss was filed by the Defendant under Federal Rules of Civil Procedure 12b(6). Plaintiff timely responded to this Motion to Dismiss and amended his original Complaint out of an abundance of caution.

This Defendant, Jason McWilliams, now moves, by and through his counsel, for a second Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12b(6).

## II.     PLAINTIFF HEREBY INCORPORATES THE STATEMTENT OF FACTS CONTAINED WITHIN HIS ORIGINAL RESPONSIVE BRIEF

## III.     ARGUMENT AND CITATION OF AUTHORITY

A. <u>Plaintiff may assert a claim for sexual harassment against Defendant McWillliams under Georgia State law.</u>

As shown in his original responsive brief, and by the cases cited therein, Plaintiff may assert a sexual harassment claim individually against Defendant McWilliams under Georgia State law. While elements of this claim overlap with intentional affliction of emotional distress, assault and battery, they are properly pled and present a claim for a Judge or jury to decide on its merits, as opposed to a Motion to Dismiss.

Accepting the original Complaint against Defendant McWilliams, and the Amended Complaint as truthful allegations as this Court must in a Motion to Dismiss, and not considering any filings or documents outside of the pleadings filed in this case to date, the Plaintiff has alleged sexual contact, assault, battery, and intentional infliction of emotional distress, factually and legally sufficient to survive a Motion to Dismiss in this case.

The Defendant's arguments that Plaintiff did not specify dates for the specific conduct is erroneous. Please see Plaintiff's Compliant, paragraphs 22, 23, and Amended Complaint, paragraph 3. The allegations against this Defendant took place on each day

between the dates specified, August 20, 2019 and August 23, 2019, and are sufficiently pled to state a claim against this Defendant.

In addition, the Defendant argues, as to the merits of the Plaintiff's allegations or credibility of the Plaintiff's allegations that if he they had occurred as pled, the Plaintiff would have "likely sought immediate assistance from management and/or refused to work any longer with Defendant McWilliams". Again, credibility of the Plaintiff or the merits of Plaintiff's allegations are not proper to determine in a Motion to Dismiss. The only matter for this Court is whether the factual allegations contained in the Plaintiff's Complaint and the Plaintiff's Amended Complaint state a sufficient claim to survive a 12b(6) motion.

However, Plaintiff's Complaint does state that he "reported Defendant McWilliams' conduct to his superiors". Again, the Defendant's arguments in this regard are without merit. There will be sufficient time in this case to develop the facts, question the motives and credibility of the various witnesses and parties involved, and for other such motions to be presented to this Court, if appropriate. However, a 12b(6) Motion to Dismiss is not that time.

IV.   CONCLUSION

By incorporating the Plaintiff's original Complaint and Amended Complaint; and the Plaintiff's response to this same Defendant's original Motion to Dismiss, Plaintiff hereby asks the Court to consider his response to the Defendant's Motion to Dismiss the Amended Complaint, under Federal Rule of Civil Procedure 12b(6) as without merit and said motion should be DISMISSED WITH COST TAXED TO THIS DEFENDANT.

This __7th____day of ___August___, 2020.


/s/ *Neal B. Graham*

NEAL B. GRAHAM
Attorney for Plaintiff
GA Bar No: 304660

**GRAHAM LAW, LLC.**
3715 Vineville Avenue
Macon, GA 31204
(478) 284-0000
Nealgraham45@icloud.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served a true and correct copy of the foregoing **Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint as to Jason McWilliams** upon:

Paul J. Sharman, Esq.
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022

Alyssa K. Peters
Jarrett M.D. Spence
Constangy, Brooks, Smith & Prophete, LLP
230 Peachtree Street, NW
Suite 2400
Atlanta, GA 30303

by depositing a copy of same in the United States Mail with sufficient postage thereon to ensure delivery and via electronic mail (email) service.

This __7th____day of ___August___, 2020.

/s/ *Neal B. Graham*
NEAL B. GRAHAM
Attorney for Plaintiff
GA Bar No: 304660

**GRAHAM LAW, LLC.**
3715 Vineville Avenue
Macon, GA 31204
(478) 284-0000
Nealgraham45@icloud.com