**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **BOBBY W. BRYANT, JR.,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **5:20-cv-00225-TES** |
| **NORFOLK SOUTHERN RAILROAD and JASON McWILLIAMS,** | |
| *Defendants.* | |

**ORDER STRIKING PLAINTIFF'S ORIGINAL AND AMENDED COMPLAINTS**

Via Federal Rule of Civil Procedure 12(b)(6), Defendant Jason McWilliams moves to dismiss the claims asserted against him with prejudice. [Doc. 14, p. 1]. When considering his Motion, the Court embarked on its usual protocol for ruling on 12(b)(6)-based motions: it first reviewed Plaintiff's relevant and controlling complaint. In this case, however, there are two—an original Complaint [Doc. 1] and an Amended Complaint [Doc. 12], because Plaintiff specifically incorporated his entire original Complaint into his Amended Complaint.[1] During its review, the Court spent considerable time attempting to understand which factual allegations supported which claims for relief. This is not the Court's role.

---

[1] "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleadings." *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1371 n.6 (11th Cir. 1982).

Plaintiff, as master of his complaint, has the responsibility to ensure his complaint(s) fully comply with well-established pleading requirements under the Federal Rules of Civil Procedure. Because he has, for the most part, failed to do so, the Court concludes that both his original Complaint and his Amended Complaint constitute shotgun pleadings.[2] Accordingly, the Court **STRIKES** Plaintiff's original and Amended Complaints and directs him to correct the pleading deficiencies identified below within 14 days of the date of this Order. Consequently, the Court **TERMINATES** Defendant's Motion to Dismiss [Doc. 14] **as moot**.[3]

## BACKGROUND

On June 10, 2020, Plaintiff Bobby W. Bryant, Jr., filed his original Complaint, alleging employment discrimination and wrongful termination against Defendants

---

[2] The Eleventh Circuit Court of Appeals has specifically instructed district courts to dismiss shotgun pleadings, even when the parties themselves do not move to strike the pleadings. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("... we have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone."). Furthermore, in *Estate of David Bass v. Regions Bank, Inc.*, the Eleventh Circuit Court of Appeals specifically noted that where the district court issued a ruling on the merits as related to a motion to dismiss, the district court should have instead struck the complaints as shotgun pleadings. 947 F.3d 1352, 1358 (11th Cir. 2020) ("Accordingly, here, the District Court should have struck the complaints and given [the plaintiff] an opportunity to amend them in compliance with Rule 8(a)(2) and *Iqbal*. But the Court did not do so. Therefore, once again, we are forced to review a judgment that should never have been entered.").

[3] On July 29, 2020, Defendant McWilliams moved to dismiss the claims asserted against him with prejudice, arguing that Plaintiff cannot assert a sexual harassment claim against him as an individual under federal law and his state-law claims against him fail because they fail to provide a basis for liability in tort. [Doc. 14, pp. 3–6]. In ruling on this Motion, the Court reviewed the sufficiency of Plaintiff's pleadings and could not discern the precise nature of his claims against either of the named defendants in this case or the factual basis to support such claims. However, as explained in n.2, *supra*, a district court must not issue any rulings in a matter containing shotgun pleadings.

Norfolk Southern Railroad and Jason McWilliams. [Doc. 1, p. 1]. Defendant Norfolk employed Plaintiff as an engineer/conductor for several years prior to his alleged wrongful termination on November 13, 2019. [*Id.* at ¶¶ 1–2, 20]. Plaintiff introduces his original Complaint with a broad preliminary statement. [*Id.* at ¶ 1]. In it, Plaintiff alleges that Defendant Norfolk terminated him "as a result of his age, sex, and or gender discrimination in violation of the equal protection provisions of the United States Constitution, the Georgia Constitution[,] and Title VII of the Civil Rights Act, and the Age Discrimination in Employment Act." [*Id.*]. Despite this statement, Plaintiff frames his original Complaint in only three claims for relief[4], with the first two arising under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq.* [*Id.* at pp. 6–7]. Plaintiff's first and second claims are titled as follows: (1) "Race/Gender Based Discrimination in Violation of Title VII"; and (2) "Wrongful Termination in Violation of Title VII." [*Id.*]. Plaintiff does not title his third claim, but generally alleges that Defendant McWilliams is liable to him "in tort." [*Id.* at ¶ 46].

Instead of filing an answer, Defendant McWilliams moved to dismiss Plaintiff's

---

[4] Plaintiff titles a section of his original Complaint as "Claims For Relief" and subsequently proceeds to detail a first, second, and third claim for relief. [*Id.* at pp. 6–8].

original Complaint, with prejudice.[5] [Doc. 7, p. 1]. In response, Plaintiff filed an

Amended Complaint on July 22, 2020; however, Plaintiff incorporated all paragraphs,

including the prayer for relief, in his original Complaint, into this new pleading.

Plaintiff specifically noted that he amended his original Complaint "to add specific facts

and claims against Defendant McWilliams," but Plaintiff did not expressly enumerate a

fourth claim, similar to the format he employed in his original Complaint. *Compare*

[Doc. 12] *with* [Doc. 1, pp. 6–9]. On the same day, Plaintiff also filed a Response to

Defendant McWilliams' Motion to Dismiss [Doc. 13], asserting that he provided

"sufficient facts to demonstrate he is entitled to the relief sought in this case." [Doc. 13,

p. 4]. Once again, Defendant McWilliams filed a Motion to Dismiss Plaintiff's Amended

Complaint with Prejudice [Doc. 14] as related to the claims against him.[6]

---

[5] In his Motion to Dismiss, Defendant McWilliams argues the following three points: (1) Plaintiff may not assert a claim for sexual harassment against McWilliams under federal law and "[t]o the extent that Plaintiff seeks relief against McWilliams in his individual capacity for allegedly violating Title VII, his claims must be dismissed"; (2) Plaintiff cannot allege a claim for sexual harassment against Defendant McWilliams under Georgia law because no such claim exists; and (3) Plaintiff's "[d]ubious" state-law claim against McWilliams fails under *Iqbal/Twombly*. [Doc. 7, pp. 3–4]. In support of his third argument, Defendant McWilliams specifically notes that "it is unclear what, if any, state law tort claims are being alleged [against him]." [*Id.* at p. 4]. Specifically, he alleges that, "Plaintiff does not name any specific tort in his Complaint, leaving Defendant McWilliams to guess as to which tort or torts he is accused of committing. Plaintiff also fails to specify what, if any damages he has suffered from Defendant McWilliams' alleged action." [*Id.*]. Upon review of this language, it appears that Defendant McWilliams cannot understand the scope of Plaintiff's third claim and has "to speculate" as to the factual allegations that give rise to the claim. [*Id.*].

[6] Defendant McWilliams makes the same basic arguments from his first Motion to Dismiss, specifically that (1) Plaintiff may not assert a claim for sexual harassment against McWilliams under federal law and "[t]o the extent that Plaintiff seeks relief against McWilliams in his individual capacity for allegedly violating Title VII, his claims must be dismissed"; and (2) Plaintiff's state-law claims against McWilliams fail under *Iqbal/Twombly*. [Doc. 14, pp. 3–4].

<u>**DISCUSSION**</u>

To begin, what constitutes a shotgun pleading?

At a minimum, a plaintiff must draft his complaint to comply with the pleading requirements established under the Federal Rules of Civil Procedure. For purposes of this Order, the Court reviews the sufficiency of Plaintiff's pleadings as they pertain to Rules 8(a)(2) and Rule 10(b). Under Rule 8(a)(2), a plaintiff must draft his complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not require detailed factual allegations, the plaintiff must still provide more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir 2018). Therefore, for a plaintiff to satisfy such a standard, he must plead a complaint that contains "either direct or inferential allegations respecting all *material* elements of a cause of action." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

Similarly, under Rule 10(b), a plaintiff must draft his complaint to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Furthermore, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

Read together, Rules 8(a)(2) and 10(b) serve an important purpose during the initial stages of litigation. Such rules force a plaintiff to "present his claims discretely

and succinctly, so that . . . his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal citation omitted). These rules also allow the courts to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . ." *Id.* (internal citation omitted).

Given the importance of these pleading requirements, "complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Id.* "[C]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). In fact, a district court's toleration of a shotgun pleading is akin to a "toleration of obstruction of justice." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). A district court suffers serious ramifications if it doesn't require a plaintiff to comply with the most basic pleading requirements.[7] Therefore, a district court has a "supervisory obligation" to direct a plaintiff to better plead his complaint in a manner that complies with federal pleadings requirements. *Hayden v. Wells Fargo Home Mortg.*, No. 1:10-CV-2153-CAP-ECS, 2010 WL 11647492, at *2 (N.D. Ga. Oct 29, 2010); *see Lampkin-Asam v. Volusia Cty.*

---

[7] *See, e.g., Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard.")).

*Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (discussing shotgun pleadings as complaints that "fail[] to adequately link a cause of action to its factual predicates").

Thus far, the Eleventh Circuit Court of Appeals has identified four types of "shotgun pleadings." *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019). Such complaints are characterized by:

> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Id.* However, "the unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Here, Plaintiff's original and Amended Complaints, as pled, constitute the first and third type of shotgun pleadings described above.  As previously noted, a district court has an obligation to direct wayward plaintiffs to refile their complaints. However, before a court can outright dismiss a case on shotgun pleadings grounds, it must, sua sponte, allow a litigant a chance to remedy such deficiencies. *Vibe*, 873 F.3d at 1295. "In these cases, even if the parties do not request it, the district court should strike the complaint and instruct counsel to replead the case—if counsel could in good faith make the representations required by [Federal Rule of Civil Procedure] 11(b)." *Id.* For the

reasons discussed below, controlling case law requires the Court to strike Plaintiff's original and Amended Complaints as shotgun pleadings. Further, the Court directs Plaintiff to replead his case in accordance with this Order. The Court addresses each deficiency in turn.

A.   **Multiple Counts Each Adopting the Allegations of All Preceding Counts**

"The most common type" of shotgun pleading "by a long shot[,] is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland,* 792 F.3d at 1323. The inherent issue in this type of pleading is that the district court, as well as all named defendants, must then "cull through [all factual] allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claim." *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011).

Here, Plaintiff framed his original Complaint in three counts, with each count "incorpor[ating] by reference the above paragraphs as though set forth separately herein." *See, e.g.*, [Doc. 1, ¶¶ 30, 37, 45]. In doing so, each subsequent count necessarily accumulates all factual and legal allegations that came before it, and the last count serves as a mere reiteration of the entire complaint. Specifically, Plaintiff's third claim for relief incorporates the allegations of 44 preceding paragraphs and is "replete with factual allegations that could not possibly be material to that specific count . . . ." [*Id.* at

¶ 45]; *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). To illustrate, Plaintiff's

third claim alleges that

> Defendant McWilliams, by and through his actions as stated herein by making threatening remarks, physical assaults, and other unwanted conduct with Plaintiff,[8] without Plaintiff's consent, is liable to Plaintiff in tort and responsible for general damages for pain and suffering, and mental anguish, past, present, and future incurred by Plaintiff.

[Doc. 1 at ¶ 46].

Considering this language, the scope of Plaintiff's third claim appears limited to

tort law causes of action against Defendant McWilliams. However, because Plaintiff

incorporated nearly the entire original Complaint into this particular claim, he

effectively forced the Court and Defendants to review the 44 preceding paragraphs, and

those alleged in the Amended Complaint, to attempt to decipher and understand the

true nature and scope of the third claim. Because he incorporated all other paragraphs

into this count that is allegedly filed only against McWilliams, he also alleges that

Defendant Norfolk discriminated against him and subjected him to a hostile work

environment. This runs afoul of the general rule that supporting facts must be pled in

the count asserting the cause of action. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d

1273, 1280 (11th Cir. 2006).

---

[8] In a properly pled complaint, the Court could reason that a phrase as general as "other unwanted conduct with Plaintiff" related only to those facts expressly alleged under the third claim. The Court cannot reach the same conclusion here. [Doc. 1, ¶ 46]. Rather, because Plaintiff's third claim incorporates his second claim, and his second claim incorporates his first claim, the scope of "other unwanted conduct with Plaintiff" could refer to any number of potential factual allegations. For this reason, the Court has no idea what Plaintiff means when he refers to "other unwanted conduct."

Therefore, Plaintiff's third claim invariably incorporates factual allegations that are irrelevant to the actual claim he attempts to assert.[9] The Court simply cannot discern how every fact relevant to Plaintiff's claims against Defendant Norfolk for race and gender discrimination and wrongful termination apply to his third claim for tort liability against Defendant McWilliams. Simply put, the district court does not have the responsibility to try and make sense of shotgun pleadings. *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) ("It is not the proper function of courts in this Circuit to parse out such incomprehensible allegations, which is why we have stated that a district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading.").

In reaching this conclusion, the Court specifically notes that Plaintiff's Amended Complaint "incorporates all paragraphs including the prayer for relief contained in [Plaintiff's] original Complaint as if stated verbatim herein." [Doc. 12, ¶ 2]. In other words, Plaintiff specifically incorporated a shotgun complaint into his amended complaint, ensuring his amended complaint would necessarily be a shotgun pleading. Thus, rather than clearing up confusion, Plaintiff's Amended Complaint compounded it. Now, the Court (and the Defendants) must juggle Plaintiff's original Complaint and

---

[9] The Court notes that for this very reason, Plaintiff's pleadings may also "be guilty of the venial sin of being replete with conclusory, vague and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015).

his Amended Complaint to "sift through the facts presented and decide for [itself] which were material to the particular causes[s] of action asserted." *Beckwith v. Bellsouth Telecomm. Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005) (internal citation omitted). The burden to write a comprehensible complaint that complies with the Federal Rules of Civil Procedure and relevant case law rests solely on a plaintiff. District courts will not effectively rewrite an improperly pled complaint in order to rule on a pending dismissal motion.[10] Therefore, the only appropriate response is for the court to instruct plaintiff to replead his case and comply with the Federal Rules of Civil Procedure.

    **B.**    **Failure to Separate Each Cause of Action or Claim for Relief Into Distinct Counts**

Although Plaintiff framed his original Complaint in three counts, it appears that he intended to plead more than three claims in this suit because each count alleges more than one claim for relief.

For example, his first claim, titled "Race/Gender Based Discrimination in Violation of Title VII," apparently refers to several causes of action arising under both federal and state law. [Doc. 1, ¶¶ 30–36]. More specifically, Plaintiff appears to allege

---

[10] *See Jackson*, 898 F.3d at 1357 (noting that in order for the lower court judge to rule on the sufficiency of plaintiff's claims, he was "put in the position of serving as the [plaintiff's] lawyer in rewriting the complaint into an intelligible document a competent lawyer would have written[]").

claims premised on disparate treatment,[11] hostile work environment,[12] sexual

harassment,[13] sex discrimination,[14] and retaliation.[15]

Not surprisingly, the parties appear confused as to which claims they are

litigating under Plaintiff's first claim. For example, Defendant McWilliams filed a

Motion to Dismiss Plaintiff's Amended Complaint, arguing that Plaintiff was precluded

from asserting a sexual harassment claim against Defendant McWilliams in his

individual capacity under federal law. [Doc. 14, pp. 3–4]. Uncertain of what claims

Plaintiff was actually alleging against him, Defendant McWilliams argued that, "*to the*

*extent* that Plaintiff seeks relief against McWilliams in his individual capacity for

allegedly violating Title VII, his claims must be dismissed." [*Id.* at p. 3] (emphasis

---

[11] Plaintiff incorporates all preceding paragraphs to support his claim for race and gender-based discrimination. [Doc. 1, ¶ 30]. However, the paragraph immediately preceding Plaintiff's first claim alleges, in conclusory fashion, that "[he] has been a victim of disparate treatment on the basis of his sex/gender, in violation of federal and state laws." [*Id.* at ¶ 29].

[12] "Plaintiff alleges that Defendant 'Railroad['s]' actions had an adverse and disproportionate impact upon Plaintiff . . . ." He also alleges that "appropriate action should have been taken by this Defendant to prevent such discrimination, through training, education or otherwise, and by failing to intervein [*sic*] into such harassment to protect the Plaintiff and other similarly situat[ed] employees from ongoing harassment and to prevent a 'hostile' work environment." [Doc. 1, ¶ 32].

[13] "Plaintiff alleges that . . . he was terminated by 'Railroad' for making allegations of a 'hostile' work environment because of sexual harassment by co-employee, Defendant McWilliams. Such sexual harassment by co-employee is in direct violation of the rules and polies of Norfolk Southern Railroad . . . ." [Doc. 1, ¶ 32].

[14] "Plaintiff alleges that Defendant 'Railroad' actions had an adverse and disproportionate impact upon Plaintiff because of his sex and/or gender . . . ." [Doc. 1, ¶ 32].

[15] "In unlawfully discriminating and retaliating against Plaintiff, Defendant 'Railroad' acted willfully, wantonly, and/or with malice and with conscious and/or reckless indifference to Plaintiff's equal rights under the law, thereby necessitating the imposition of damages as a result." [Doc. 1, ¶ 36].

added). Based on Defendant McWilliams' language, it appears that he is merely making a *guess* as to whether Plaintiff alleges a sexual harassment claim against him under Title VII, which warrants some confusion as individual capacity suits under Title VII are inappropriate.[16] Such confusion is evidenced even more so by Plaintiff's Response to Defendant McWilliam's dismissal motion. [Doc. 17].

In his Response, Plaintiff does not acknowledge the sufficiency of his sexual harassment claim under federal law but asserts his ability to bring a sexual harassment claim against Defendant McWilliams "under Georgia State law." [*Id.* at p. 2]. At this point in time, the Court does not rule on the merits of either party's argument. Rather, the argument, as presented in this Order, only serves to illustrate how neither of the parties appear to be operating under the same understanding of the claims alleged in this action.

The confusion does not end there. Plaintiff's third claim broadly alleges that Defendant McWilliams is liable to him "in tort." [Doc. 1, ¶ 46]. In an apparent attempt to remedy such a vague claim, Plaintiff filed an Amended Complaint to add claims for assault, battery, and intentional infliction of emotional distress. [Doc. 12, ¶ 2]. However, Plaintiff did not allege these claims under three separate counts. Rather, Plaintiff

---

[16] *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are [ ] inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.")).

lumped all three claims together into a single paragraph, without citation to a statute or case and lacking clearly identifiable facts to support each claim.[17] [*Id.*].

However, as is the issue with so much of Plaintiff's pleadings, the Court is left to guesswork, basically requiring it to attempt to rewrite a deficient complaint to properly allege claims for relief. Therefore, to the extent that Plaintiff brings claims for assault, battery, and/or intentional infliction of emotional distress, each claim needs to be established in separate numbered paragraphs, limited to the specific, relevant factual circumstances supporting each individual claim. Fed. R. Civ. P. 10(b).

Lastly, in perhaps Plaintiff's most blatant disregard for Rules 8(a)(2) and 10(b), he inserts a "catch-all" provision at the end of his Amended Complaint to allege that "Defendant McWilliams' conduct therefore constitutes . . . all other viable claims under Federal and Georgia law including O.C.G.A. § 51-1-14." [Doc. 12, p. 3]. To the extent Plaintiff intends to assert a cause of action against either of the named defendants in this action, he needs to, at the very minimum, identify the cause of action. As noted earlier, the purpose of federal pleading requirements is to force plaintiffs to present

---

[17] As related to these three claims, Plaintiff's Amended Complaint states: "The Plaintiff hereby amends his original complaint to add specific facts and claims against Defendant McWilliams showing that this defendant, by improperly touching the Plaintiff, threatening comments of bodily harm and through his acts and actions as detailed herein, committed the torts of assault/battery and intentional infliction of emotional distress against the Plaintiff." [Doc. 12, ¶ 2]. While Plaintiff appears to allege certain actions by Defendant McWilliams in support of his claims in this specific paragraph, the Amended Complaint incorporates all paragraphs of the original Complaint. Therefore, Plaintiff's factual allegations in support of his claims for assault, battery, and intentional infliction of emotional distress are scattered throughout Plaintiff's pleadings, and this Court, once again, will not assume to know which factual allegations might be relevant to which claim.

claims in a discrete and succinct manner so that defendants can understand the nature of the claims alleged and then frame an appropriate response. Such global catchall provisions fall woefully short.

Unfortunately for Plaintiff, he cannot vaguely cite statutes in his pleadings without any factual context and expect the Court or Defendants to understand exactly what he alleges. Therefore, to the extent that Plaintiff intends to bring a claim under O.C.G.A. § 51-1-14, he will have to bring it under its own separate count and identify relevant factual allegations in support.

Although the Court provided recommendations throughout this Order as to how Plaintiff should remedy the deficiencies in his shotgun pleadings, the Court will summarize, in short, how Plaintiff must replead this action. First, Plaintiff must identify each cause of action he intends to bring against Defendant Norfolk, Defendant McWilliams, or both, in separate counts of the Complaint. Presently, in review of Plaintiff's own pleading format, there are three separate categories of claims alleged in this action. However, with regard to separate causes of actions or claims within those general categories or others not yet identified, Plaintiff must separately allege each specific cause of action as against the specific defendant it lies against, i.e., not simply allege that an unspecified defendant's act constitutes any and all violations arising under a body of law or statute. *See Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires

more than labels and conclusions . . .") (internal citation omitted). Rather, each of Plaintiff's claims must be supported by "sufficient specific factual [allegations], accepted as true, to state a claim that is plausible on its face and to suggest the required elements of the claim." *Irby v. Bank of America, N.A.*, No. 1:13-CV-1743-MHS-LTW, 2013 WL 12380978, at *3 (N.D. Ga. Nov. 22, 2013). Therefore, Plaintiff cannot simply frame his claims so that each adopts the allegations of all preceding counts.

## CONCLUSION

In accordance with the mandates of relevant Circuit precedent, the Court **STRIKES** Plaintiff's original and Amended Complaints and directs him to file a Second Amended Complaint in accordance with this Order within 14 days of the date of this Order or else his claims will remain dismissed. As a result, the Court **TERMINATES** Defendant's Motion to Dismiss [Doc. 14] **as moot** and also **VACATES** its Scheduling Order [Doc. 22].

**SO ORDERED**, this 14th day of September, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**