UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| BOBBY W. BRYANT, JR., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 5:20-cv-00225-TES |
| v. | ) | **ELECTRONICALLY FILED** |
| | ) | |
| NORFOLK SOUTHERN RAILROAD | ) | |
| And JASON McWILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Comes Now the Plaintiff, Bobby W. Bryant, Jr., and files this Second Amended Complaint for Employment Discrimination, Wrongful Termination, and Breach of Employment Contract against Defendant Norfolk Southern Railroad, a/k/a Norfolk Southern Railway Company, and for Assault, Battery, and Intentional and negligent Infliction of Emotional Distress against Defendant Jason McWilliams, pursuant to Rule 15 of the Federal Rules of Civil Procedure and pursuant to the Court's Order dated September 14, 2020.

## I.   PRELIMINARY STATEMENTS

1. This is an employment discrimination and wrongful termination suit against Defendant Norfolk Southern Railroad brought by a former employee of the Norfolk Southern Railroad (hereinafter "Railroad") who was terminated from his job on November 13, 2019.  Plaintiff alleges herein that his termination was as a result sex and/or gender discrimination in violation of the equal protection provisions of the United States Constitution, the Georgia Constitution and Title VII of the Civil Rights Act of 1964.  Therefore, Defendant Norfolk Southern Railroad is liable to

Plaintiff for employment discrimination in violation of the United States Constitution, the Georgia Constitution and Title VII of the Civil Rights Act of 1964. In addition, Defendant Railroad is vicariously liable for the acts and omissions of Defendant McWilliams committed while acting in the course and scope of his employment between August 20, 2019 and August 23, 2019. Finally, Defendant Railroad is liable to Plaintiff for breach of contract and wrongful termination for violation of his employment contract and termination of his employment without just cause.

2. This is further a complaint against Defendant Jason McWilliams for the intentional torts of assault, battery and intentional infliction of emotional distress, and for negligent infliction of emotional distress.  Plaintiff shows that the acts committed by Defendant Jason McWilliams arose out of the common nucleus of common operative facts occurring between August 20, 2019 and August 23, 2019, so the Court has pendent jurisdiction over Plaintiff's ancillary state law claims.

## II.   PARTIES

3. Plaintiff is a white male who is a resident Macon, Bibb County, Georgia and is a citizen of the United States of America.  At all times relevant to this complaint, and until his employment was terminated, Plaintiff was employed with Norfolk Southern Railroad (hereinafter "Railroad") as a conductor/engineer and had been so employed for a number of years prior to his wrongful termination.

4. Plaintiff was terminated from his employment on November 13, 2019. Plaintiff exhausted all administrative and internal remedies allowed by the "Railroad" and labor board associated therewith, regarding his termination.

5. Defendant Norfolk Southern Railroad, Inc. a/k/a Norfolk Southern Railway Company, and its subsidiaries operates a rail line and owns and operates property within the City of Macon, Bibb County, Georgia, known commonly as "Brosnan Yard" and affiliated offices located at 223 Walnut Street, Macon, Georgia.

6. Defendant Jason McWilliams, was an employee of the "Railroad", and a co-employee of Plaintiff. Defendant McWilliams is a resident of Jones County, Georgia.

7. Between the dates of August 20, 2019 and August 23, 2019, the Defendant, Norfolk Southern Railroad, and its subsidiaries had at least fifteen (15) employees and was therefore an "employer" within the meaning of Title VII of the Civil Rights Act.

8. Between the dates of August 20, 2019 and August 23, 2019, Defendant Jason McWilliams, was an employee of the "Railroad" and worked out of the "BrosnanYard" in Macon, Bibb County, Georgia.

9. The Defendants, by virtue of the facts alleged herein and the Federal questions presented under Title VII of the Civil Rights Act of 1964, are subject to the jurisdiction and venue of this Honorable Court.

10. The "Railroad" is vicariously liable for the acts of its agents and employees, including Defendant Jason McWilliams. In addition, Defendant Railroad is liable for its own negligence against Plaintiff.

### III.    JURISDICTION AND VENUE

11. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, against Defendant Norfolk Southern Railroad. Plaintiff additionally raises other employment-related claims and negligence claims under federal and state common law.

12. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(3),(4).  This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as Plaintiff's Title VII claims.

13. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq.

14. In addition, this Court has supplemental jurisdiction over the any state law claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts occurring between August 20, 2019 and August 23, 2019,  with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e5(f)(3), because the "Railroad" maintains offices in this district, conducts business in this district, and has a substantial part of the events giving rise to the claims occurred in this district, and because the alleged unlawful practices were committed here, in Bibb County, Georgia,  and the employment records relevant to those practices are maintained and administered here. In addition, venue is proper as to Defendant McWilliams as he is a resident of Jones County, Georgia.

16. Plaintiff has exhausted his administrative remedies through his union and employer Railroad and complied with all statutory prerequisites to his Title VII claims, including but not limited to filing an action and claim for discrimination through the Equal Employment Opportunity Council "EEOC", and receiving a "right to sue" letter dated March 9, 2020.

## IV.     STATEMENT OF FACTS

17. Plaintiff was employed by the "Railroad" as an engineer/conductor whose responsibilities included, but were not limited to, the operation of Norfolk Southern owned railroad train and cars and all related job duties associated therewith.

18. During the times of his employment with the "Railroad", Plaintiff performed his job duties satisfactorily or above.

19. On or about August 20, 2019, the Plaintiff was assigned to work with Defendant Jason McWilliams to operate the locomotive owned by the "Railroad".

20. Between the dates of August 20, 2019 and August 23, 2019, the Plaintiff was sexually harassed by Defendant Jason McWilliams. Specifically, the Defendant McWilliams made overt remarks of a sexual nature; physical accosted the Plaintiff by touching and rubbing against the Plaintiff; threatened to "rape" and sodomize the Plaintiff; tried to kiss the Plaintiff, and otherwise conducted himself in an unprofessional and aggressive manner, which forced the Plaintiff to work in a "hostile" work environment.

21. The Plaintiff reported Defendant McWilliams' conduct to his superiors at the "Railroad" who took no immediate action and failed to properly remedy or otherwise prevent Defendant McWilliams' conduct or remove the Plaintiff from a "hostile" work environment in a timely manner.

22. Between the dates of August 20, 2019 and August 23, 2019, Plaintiff was a member of a protected class; i.e., a male employee of Defendant Norfolk Southern Railroad.

23. Between the dates of August 20, 2019 and August 23, 2019, Defendant Norfolk Southern Railroad was aware of Plaintiff's membership in that protected class; i.e., employee of Norfolk Southern Railroad.

24. Plaintiff was subjected to acts of harassment which had a detrimental effect on his ability to perform the duties of job (operating the subject train), and which negatively impacted the terms and conditions of Plaintiff's employment (i.e., Plaintiff was terminated).

25. The harassment was based on Plaintiff's membership in the protected class.

26. It is alleged herein that the Plaintiff was terminated on November 13, 2019 from his employment at the "Railroad" because of the unlawful and aggressive actions conducted by Defendant McWilliams; and for reporting such conduct to his superiors at the "Railroad".

27. Plaintiff was fired wrongfully, in breach of his employment contract with the Railroad, and in retaliation for the reporting of the sexual harassment claim by his co-employee.

28. Plaintiff was terminated on November 13, 2019. Plaintiff filed a grievance through the labor board associated with the "Railroad" and received a final ruling. Plaintiff has therefore exhausted all administrative remedies through the "Railroad's" policies and procedures. In addition, since the Plaintiff has exhausted his rights through the "EEOC" and received a "right to sue" letter, this claim is proper for adjudication by this Court.

29. Plaintiff, as a male, was treated differently from other similarly situated employees including female employees of the "Railroad" and the action taken by the Defendant "Railroad" was as a direct result of Plaintiff's sex/gender and for no other reason other than as retaliation for the administrative complaints alleged herein. The findings by the labor board through the "Railroad" and the reasons stated for the "Railroad's" termination of the Plaintiff serves as a pretext for the unlawful discrimination and wrongful termination alleged herein.

30. Plaintiff has been a victim of disparate treatment on the basis of his sex/gender, in violation of federal and state laws.

31. Between the dates of August 20, 2019 and August 23, 2019, Defendant Jason McWilliams committed the intentional and negligent tort of assault upon Plaintiff by making physical threats of rape and unwanted sexual contact against Plaintiff, which caused Plaintiff to have a reasonable apprehension of immediate harmful or offensive contact.  Plaintiff was unable to get away from Defendant Jason McWilliams, as he was at all times operating the subject train on behalf of Defendant Norfolk Southern Railroad.  Defendant Jason McWilliams thereby committed an intentional act or acts against Plaintiff which caused Plaintiff to have a reasonable apprehension of immediate harmful or offensive contact.

32. Between the dates of August 20, 2019 and August 23, 2019, Defendant Jason McWilliams committed the intentional tort of battery upon Plaintiff by physically touching Plaintiff in a threatening and sexual nature, after making threats, which caused Plaintiff suffer harmful or offensive contact from Defendant Jason McWilliams.  Defendant Jason McWilliams thereby committed an intentional act or acts against Plaintiff which caused Plaintiff to suffer immediate harmful or offensive contact.

33. Between the dates of August 20, 2019 and August 23, 2019, Defendant Jason McWilliams committed the intentional tort of intentional and/or negligent infliction of emotional distress by making threats to Plaintiff of a violent, sexual and repugnant nature and to offensively touch Plaintiff so as to cause Plaintiff to fear being attacked, raped or sodomized by Defendant Jason McWilliams, among other harm.  Defendant Jason McWilliams committed an act or acts which were reckless or intentional, which were extreme and outrageous, which caused Plaintiff to suffer severe and extreme emotional distress.

## V.    CLAIMS FOR RELIEF

### A.    FIRST CLAIM FOR RELIEF AGAINST NORFOLK SOUTHERN RAILROAD

Gender Based Discrimination in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*, .S.C. § 2000e-2(a)

34. Between the dates of August 20, 2019 and August 23, 2019, Plaintiff was a member of a protected class; i.e., a male employee of Defendant Norfolk Southern Railroad. Defendant Railroad had at least fifteen (15) employees at the time of the discriminatory acts.

35. Between the dates of August 20, 2019 and August 23, 2019, Defendant Norfolk Southern Railroad was aware of Plaintiff's membership in that protected class; i.e., a male employee of Defendant Norfolk Southern Railroad.

36. Plaintiff was subjected to acts of harassment which included verbal threats of rape; unwanted touching; sexual comments; and other such acts, which had a detrimental effect on his ability to perform the duties of his job (operating the subject train), and which negatively impacted the terms and conditions of Plaintiff's employment (i.e., Plaintiff was terminated on November 13, 2019).

37. The harassment was based on Plaintiff's membership in the protected class.

38. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* prohibits discrimination based on sex, race, national origin, gender, disabilities, and other types of discrimination in employment practices.

39. Plaintiff alleges that Defendant "Railroad's" policies, procedures, and actions had an adverse and disproportionate impact upon Plaintiff because of his sex and/or gender and that he was terminated by the "Railroad" as retaliation for making allegations of a "hostile" work environment because of sexual harassment by co-employee, Defendant McWilliams. Such sexual harassment by his co-employee is in direct violation of the rules and polices of

Norfolk Southern Railroad and appropriate action should have been taken by this Defendant to prevent such discrimination, through training, education, or enforcement of policy. By failing to intervein into such harassment in a timely manner to protect the Plaintiff and other similarly situation employees from ongoing harassment and to prevent a "hostile" work environment while intervening on behalf of female employees immediately and with exercise of due care, demonstrates disparate treatment due to sex, and discriminatory gender bias.

40. Based on the above-described acts, practices and omissions, Defendant "Railroad", and vicariously through its employees, engaged in unlawful discrimination under Title VII of the Civil Rights Act of 1964.

41. Defendant knew or should have known of Defendant McWilliams' conduct as it was reported by the Plaintiff and Defendant Railroad was aware of Defendant McWilliams' prior acts of misconduct and propensity to act in an overtly sexual manner and aggressively toward co-workers and failed to take prompt and/or remedial action as a result.

42. As Plaintiff was an "employee" as that term is defined by 42 U.S.C. § 2000e-2(f), and Defendant "Railroad" is an "employer" as that term is defined by 42 U.S.C. § 2000e-2(b), these parties are governed by rules, regulations and statutes under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. regarding discrimination and employment practices which were violated by the above acts or omissions.

43. In unlawfully discriminating and retaliating against Plaintiff, Defendant "Railroad" acted willfully, wantonly and/or with malice and with conscious and/or reckless indifference to Plaintiff's equal rights under the law, thereby necessitating the imposition of damages as a result.

44. As a direct result of this conduct, Plaintiff suffered the loss of his employment, wages and benefits, past, present, and future.

B. **SECOND CLAIM FOR RELIEF AGAINST DEFENDANT NORFOLK SOUTHERN RAILROAD**
Wrongful Termination in Violation of Employment Contract

45. Plaintiff was an "employee" of Defendant "Railroad" at the time of his discharge on November 13, 2019.

46. Defendant "Railroad" is an "employer" as that term is defined under Federal and Georgia law between the dates of August 20, 2019 and August 23, 2019.

47. Plaintiff had an actual written or implied contract with the Defendant "Railroad" for continued employment as a conductor/engineer in the transportation department of this Defendant.

48. The Plaintiff, as a member of the local union, and had an open-ended union negotiated contract executed on his behalf with the Defendant "Railroad".

49. The contract includes, but is not limited to, terms that include no right to terminate an employee, such as the Plaintiff, without "just cause".

50. Plaintiff was subjected to acts of harassment, including unwanted touching; verbal threats of rape; sexual comments; and other acts by Defendant McWilliams, which had a detrimental effect on his ability to perform the duties of job (operating the subject train), and which negatively impacted the terms and conditions of Plaintiff's employment (i.e., Plaintiff was terminated). In addition, Defendant McWilliams' acts caused Plaintiff to defend himself, which was improperly used an excuse for Plaintiff's termination.

51. By unlawfully, and without sufficient cause or reason, Defendant "Railroad" terminated the Plaintiff's employment on November 13, 2019, in violation of the actual and/or implied contract of employment existing between these parties.

52. As a result of the Defendant's conduct, Plaintiff has suffered loss of his employment, loss of income, loss of benefits, emotional pain and suffering, embarrassment, inconvenience, and is therefore entitled to general and special damages, including but not limited to, economic damages for past due and prospective pay, and benefits.

53. In addition, Plaintiff is entitled to seek the assessment of reasonable attorney's fees and litigation costs pursuant to 42 U.S.C. § 2000e-5(k) and corresponding State Court laws pertaining to unreasonable continued defense of this claim as Plaintiff's claims asserted herein are defended without a reasonable basis in law or fact.

### C.       THIRD CLAIM FOR RELIEF AGAINST NORFOLK SOUTEHERN RAILROAD

**Defendant Norfolk Southern Railroad unlawfully subjected Plaintiff to a hostile work environment.**

54. Plaintiff shows that while operating the subject train for Defendant Norfolk Southern Railroad, he was forced to work alongside Defendant Jason McWilliams, who was also an employee of Defendant Norfolk Southern Railroad. This occurred between August 20, 2019 and August 23, 2019.

55. Plaintiff shows that during this period of time, Defendant McWilliams made repeated comments and threats toward Plaintiff of a sexual, violent, and repugnant nature, including threats of rape; and unwanted sexual acts. Furthermore, Defendant Jason McWilliam

offensively physically touched Plaintiff in a threatening and sexual manner, including rubbing his penis against Plaintiff and physically touching Plaintiff with his hands in a sexual manner. All of the actions of Defendant McWilliams subjected Plaintiff to sexual harassment while in the employ of Defendant Norfolk Southern Railroad.

56. Defendant Norfolk Southern Railroad is liable for the acts or omissions of its agents, servants and employees including Defendant McWilliams committed within the scope of their employment pursuant to O.C.G.A. §51-2-2 and the doctrine of *Respondeat Superior*. Furthermore, Defendant Norfolk Southern Railroad is liable to Plaintiff for its own negligence, including its failure to supervise or train its employees, or exercise its own policies and procedures concerning work force sexual harassment.

57. Plaintiff was subjected to unwelcome sexual harassment by Defendant Norfolk Southern Railroad by and through its employee Defendant McWilliams.

58. Defendant Norfolk Southern Railroad, in the exercise of reasonable care, knew or had reason to know of Defendant Jason McWilliams' sexual proclivity or reputation for sexual harassment through prior acts of Defendant McWilliams and his personnel records which, upon information and belief, reflect a history of such aggressive behavior.

59. It was foreseeable to Defendant Norfolk Southern Railroad that Defendant Jason McWilliams would engage in sexual harassment of a fellow employee, including Plaintiff, but Defendant Jason McWilliams was continued in his employment in close proximity to Plaintiff between August 20, 2019 and August 23, 2019.

60. Plaintiff was therefore subjected to unwelcome sexual harassment and required to work in a hostile environment.

61. Plaintiff suffered injuries by Defendant Norfolk Southern Railroad's negligence, acts, or omissions by maintaining a hostile work environment which resulted in severe mental anguish to Plaintiff.

62. Title VII of the Civil Rights Act of 1964 recognizes a cause of action for same-sex sexual harassment, and as such a hostile work environment based on same sex harassment that is ignored by the employer in the work place.

63. At all times relevant to this litigation, Plaintiff had membership in a protected group; i.e., a male employee of Defendant Norfolk Southern Railroad.

64. Plaintiff was subjected to unwelcome sexual harassment.

65. Said harassment was based on Plaintiffs' membership in that protected class; i.e., a male employee of Defendant Norfolk Southern Railroad.

66. Said harassment affected a term, condition, or privilege of employment, in that it was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment, actually resulting in Plaintiff's termination on November 13, 2019.

67. As a result of the negligence of Defendant Norfolk Southern Railroad and/or as a result of the violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, et. seq., Plaintiff suffered severe personal injuries and pain and suffering, past, present and future.  Therefore, Defendant Norfolk Southern Railroad is liable to Plaintiff for compensatory and general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury.

68. As a direct and proximate result of the negligence of Defendant Norfolk Southern Railroad and/or as a direct and proximate result of the violation of Plaintiff's rights under Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, et. seq., Plaintiff has suffered lost wages, lost his job, and incurred reasonable and necessary expenses, past, present, and future. Therefore, Defendant Norfolk Southern Railroad is liable to Plaintiff for special damages, for wage loss and loss of benefits, past, present, and future.

### D. FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT JASON McWILLIAMS ONLY

69. Defendant Jason McWilliams is liable to Plaintiff for the intentional tort of Assault.

70. Between the dates of August 20, 2019 and August 23, 2019, Defendant Jason McWilliams committed the intentional tort of assault upon Plaintiff by verbally making physical threats of rape and unwanted sexual contact against Plaintiff, and trying to kiss Plaintiff, which caused Plaintiff to have a reasonable apprehension of immediate harmful or offensive contact. Plaintiff was unable to get away from Defendant Jason McWilliams, as he was at all times operating the subject train on behalf of Defendant Norfolk Southern Railroad. Defendant Jason McWilliams thereby committed an intentional act or acts against Plaintiff which caused Plaintiff to have a reasonable apprehension of immediate harmful or offensive contact.

71. The fact that an assault is publicly committed has been considered an aggravating circumstance. Similarly, sufficient aggravation has been found where the assault was committed in a degrading and humiliating manner.

72. As a direct and proximate result of Defendant Jason McWilliams committing the intentional tort of assault against Plaintiff, Plaintiff has suffered severe personal injuries and mental anguish, past, present and future, for which Defendant Jason McWilliams is liable to Plaintiff for compensatory damages in an amount to be determined by the enlightened conscience of a fair and impartial jury.

73. As a direct and proximate result of the Defendant Jason McWilliams committing the intentional tort of assault against Plaintiff, Plaintiff has suffered lost wages, the loss of his job and benefits, and reasonable and necessary expenses, past, present and future, for which Defendant Jason McWilliams is liable to Plaintiff for special damages in an amount proven with specificity at trial.

E. **FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT McWILLIAMS ONLY**

74. Defendant Jason McWilliams is liable to the Plaintiff for committing the intentional tort of Battery.

75. Between the dates of August 20, 2019 and August 23, 2019, Defendant Jason McWilliams committed the intentional tort of battery upon Plaintiff by physically touching Plaintiff in a threatening and sexual nature, after making threats, trying to kiss Plaintiff, and leaning into Plaintiff and physically touching Plaintiff in an unwelcome, offensive, repugnant, and sexual nature, which caused Plaintiff suffer immediate harmful or offensive contact from Defendant Jason McWilliams.  Defendant Jason McWilliams thereby committed an intentional act or acts against Plaintiff which caused Plaintiff to suffer immediate harmful or offensive, and unlawful touching.

76. As a direct and proximate result of Defendant Jason McWilliams committing the intentional tort of battery against Plaintiff, Plaintiff has suffered severe personal injuries and mental anguish, past, present and future, for which Defendant Jason McWilliams is liable to Plaintiff for compensatory damages in an amount to be determined by the enlightened conscience of a fair and impartial jury.

77. As a direct and proximate result of the Defendant Jason McWilliams committing the intentional tort of battery against Plaintiff, Plaintiff has suffered lost wages, the loss of his job, and

reasonable and necessary expenses, past, present and future, for which Defendant Jason McWilliams is liable to Plaintiff for special damages in an amount to be proven with specificity at trial.

### F.     SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT McWILLIAMS ONLY

78. Defendant Jason McWilliams is liable to the Plaintiff for committing the tort of Intentional Infliction of Emotional Distress.

79. Between the dates of August 20, 2019 and August 23, 2019, Defendant Jason McWilliams committed the intentional tort of intentional infliction of emotional distress by making threats to Plaintiff of a violent, sexual and repugnant nature and offensively touch Plaintiff so as to cause Plaintiff to fear being attacked, raped or sodomized by Defendant. Defendant McWilliams stated specifically he would commit forceable sodomy on Plaintiff on August 20, 2019 and August 23, 2019. On August 23, 2019, Jason McWilliams, tried to kiss Plaintiff, and threatened to rape and sodomize Plaintiff. Such acts by Defendant McWilliams were intentional and reckless.

80. Such acts by Defendant McWilliams were extreme and outrageous.

81. As a direct and proximate result of Defendant Jason McWilliams committing the intentional tort of intentional infliction of emotional distress against Plaintiff, Plaintiff has suffered severe personal injuries and mental anguish, past, present and future, for which Defendant Jason McWilliams is liable to Plaintiff for compensatory damages in an amount to be determined by the enlightened conscience of a fair and impartial jury.

82. As a direct and proximate result of the Defendant Jason McWilliams committing the tort of intentional infliction of emotional distress against Plaintiff, Plaintiff has suffered lost wages, the loss of his job, and benefits including insurance and retirement, for which Defendant Jason

McWilliams is liable to Plaintiff for special damages in an amount to be proven with specificity at trial.

### G. SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT JASON McWILLIAMS

83. Defendant Jason McWilliams is liable to the Plaintiff for negligent infliction of emotional distress, and negligence per se.

84. Plaintiff shows that between August 20, 2019 and August 23, 2019, Defendant Jason McWilliams committed an injury upon Plaintiff or engaged in an illegal attempt to commit a physical injury upon Plaintiff by repeatedly trying to kiss him, threatening to rape him, leaning into and physically and offensively touching Plaintiff, which acts put Plaintiff in fear of his safety and health, and need to defend himself.

85. Therefore, Defendant Jason McWilliams violated the provisions of O.C.G.A. § 51-4-14 which provides: "Any violent injury or illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered."

86. Therefore, Defendant Jason McWilliams was negligent per se.

87. In addition, Defendant McWilliams acts or omissions in touching the Plaintiff in a sexually provocative manner, leaning into and rubbing against him while simultaneously threatening to rape or forceable sodomize the Plaintiff constitutes negligence infliction of emotional distress when accompanying by the touching, under Georgia law.

88. As a proximate result of Defendant McWilliams' negligent acts, Plaintiff suffered a battery accompanied by severe mental anguish, past, present, and future, and ultimately the loss of his job and benefits with the Railroad.

**H.**      **EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANT RAILROAD**

89. Plaintiff is entitled to recover damages against Defendant Norfolk Southern Railroad for the negligent acts and negligence per se of Defendant McWilliams.

90. The Defendant Railroad is vicariously responsible for the negligent acts and omissions of Defendant McWilliams while acting in the course and scope of his employment with the Railroad.

91. Defendant Jason McWilliams was negligent per se in violation of O.C.G.A. § 5-1-14 in that he intentionally or negligently came into harmful, physical contact with the Plaintiff by rubbing against him, attempting to kiss him, and making verbal threats which caused Plaintiff to fear for his health and safety from August 20, 2019 to August 23, 2019.

92. Defendant McWilliams was acting in the course and scope of his employment as an employee of Defendant Railroad during his working hours on August 20, 2019 through August 23, 2019 when these acts occurred.

93. As a proximate result of Defendant's vicarious liability for the acts of Defendant McWilliams, Plaintiff suffered severe mental anguish and ultimately the loss of his job and benefits with the Railroad.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bobby Bryant, Jr., prays as follows:

A. That this Complaint be filed and that summons issue and Defendants be served as required by law;

B. That he have a jury trial;

C. A declaration be made that Defendant Norfolk Southern Railroad's actions, policies, and practices, and omissions, as alleged herein, are unlawful in violation of Federal and State law;

D. The Plaintiff have judgment against both Defendants for his past due lost wages, lost perspective wages, benefits, and all other compensation denied or lost to Plaintiff by virtue of Defendants' unlawful actions in an amount to be proven at trial;

E. The Plaintiff have judgment against both Defendants for compensatory damages, including but not limited to, those damages for emotional distress, inconvenience, and mental anguish;

F. The Plaintiff have judgment against both Defendants for punitive damages in an amount to be determined at trial sufficient to punish and/or deter such future conduct;

G. For an Order adjoining Defendants from engaging in future unlawful acts as alleged herein;

H. For the assessment of reasonable attorney's fees against the Defendants and costs of related litigation expenses pursuant Federal and Georgia law; and

I. For such other and further relief as this Court deems appropriate for the administration of justice.

This  28th day of September, 2020.

                                                _____*/s/ Neal B. Graham*_____  
                                                NEAL B. GRAHAM  
                                                Attorney for Plaintiff  
                                                Georgia Bar No. 304660

Graham Law, LLC  
3715 Vineville Avenue  
Macon, Georgia 31204  
(478)284-0000  
nealgraham45@icloud.com