IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BOBBY W. BRYANT, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORFOLK SOUTHERN RAILROAD )<br>and JASON MCWILLIAMS )<br>)<br>)<br>Defendants. ) | CIVIL ACTION FILE<br>NO.:  5:20-cv-00225-TES |

## DEFENDANT JASON MCWILLIAMS' RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, IMPOSE SANCTIONS, AND AWARD FEES

COMES NOW Defendant Jason McWilliams ("McWilliams"), and files this response in opposition to Plaintiff's Motion to Enforce Settlement Agreement, Impose Sanctions and Award Fees.

I. **Statement of Relevant Facts**

Two days before Defendant McWilliams was due to sit for a deposition in this case, the undersigned contacted Neal Graham, counsel for Plaintiff, attempting to resolve the claims against McWilliams ("McWilliams Claims"). (Sharman Affidavit ¶ 4). On July 21, 2021, the undersigned spoke by telephone with Mr. Graham and made a financial offer to settle the McWilliams Claims in exchange for consideration with material terms to be reduced to writing. *Id.* Of import, the

10

undersigned conveyed that the main purpose of McWilliams even entering into settlement negotiations at this stage of the case was to reduce his own costs of litigation by not requiring legal representation at his deposition on July 23, 2021 and eliminating any further attorney's fees and costs in this case. *Id.* at ¶ 5. The undersigned made it clear in the phone conversation with Mr. Graham that McWilliams would have to be dismissed with prejudice as a defendant prior to the deposition or there would be no settlement. *Id.* at ¶ 6.

As a follow-up to the phone conversation, the undersigned sent a draft settlement agreement and stipulation of dismissal via email to Mr. Graham at 12:54pm on July 21, 2021.  (Exhibit A – 12:54pm Email).  The email included the following statement: "As a condition of acceptance, this agreement must be signed and the dismissal must be filed - both by close of business tomorrow 7/22.  If not, the offer will be rescinded and I will attend the deposition as counsel for Mr. McWilliams." *Id.*

Prior to any verbal or written response from Mr. Graham, the undersigned sent a second email at 1:13pm with an updated draft settlement agreement which added a provision requiring Defendant Norfolk Southern to indemnify McWilliams as a condition of settlement and requesting Mr. Graham's permission to discuss this provision with counsel for Norfolk Southern. (Exhibit B – 01:13pm Email). Again prior to any verbal or written response from Mr. Graham, the undersigned

sent a third and final email to Mr. Graham at 1:36pm stating, in relevant part: "After further discussion with my client, he has decided to discontinue settlement discussions and rescind the offer. He would prefer to have representation on Friday and finish out this phase of the case. Please confirm receipt of this email and I will see you on Friday." (Exhibit C – 01:36pm Email).

Almost one hour later, at 2:25pm, Mr. Graham responded via email, in relevant part, that "we have an offer/acceptance confirmed in writing." (Exhibit D – 02:25pm Email). The undersigned replied at 2:32pm: "There is no acceptance in writing. The written offer was rescinded prior to any acceptance." (Exhibit E – 02:32pm Email).

The following afternoon at 3:42pm, Mr. Graham emailed a signed copy of the first draft settlement agreement (sent at 12:54pm the prior day). (Exhibit F – 07/22 Graham Email). He also stated in the email "I will file the dismissal today, although it was not part of our original agreement." *Id.* The undersigned responded "I do not consent to the dismissal." (Exhibit G – 07/22 Sharman Email). No dismissal was filed, and the depositions proceeded as scheduled.

I.   **No Enforceable Agreement was Reached Between the Parties**

"The construction and enforcement of settlement agreements are governed by the contract law of the forum state." <u>Clough Marketing Services, Inc. v. Main Line Corp.</u>, 313 Fed. Appx. 208, 211 (11th Cir. 2008). In the instant case, Georgia

law governs whether there was a settlement agreement and the construction of any alleged settlement agreement. Ford v. Citizens & S. Nat'l Bank, 928 F.2d 1118, 1120 (11th Cir. 1991); *see also* Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985).

"In deciding a motion to enforce a settlement agreement (as with a motion for summary judgment) a court may consider 'the documents, affidavits, depositions and other evidence in the record' to determine whether a genuine issue of material fact exists." Albert v. American Family Ins. Co., 739 Fed. Appx. 607, 610 n.2 (11th Cir. 2018) (*quoting* Walls v. Walls, 260 Ga. App. 673, 580 S.E.2d 564, 566 (2003)). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "Because the same standards apply to a motion to enforce settlement agreement as a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party(.)" Fitzhugh v. AB McDonough's, Inc., 2017 U.S. Dist. LEXIS 33983, 2017 WL 937965, at *2 (S.D. Ga. March 9, 2017) (citing DeRossett Enterprises, Inc. v. General Elec. Capital Corp., 275 Ga. App. 728, 728, 621 S.E.2d 755, 756 (2005)).

"Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and

enforceability as any other contract." Blum v. Morgan Guar. Trust Co. of New York, 709 F.2d 1463, 1467 (11th Cir. 1983) (citation omitted). "(I)t is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense." Johnson v. Gwinnett County, 215 Ga. App. 79, 80, 449 S.E.2d 856, 857 (1994) (citation and internal quotation marks omitted). "The formation of a contract also depends on both an offer and an acceptance of the contract's terms." Cohen v. DeKalb County School Dist., 2009 U.S. Dist. LEXIS 110078, 2009 WL 4261161, at *4 (N.D. Ga. November 25, 2009).

In the July 21, 2021 phone call, the undersigned emphasized with Mr. Graham the requirement of both a signed agreement and a dismissal of the McWilliams Claims by close of business on July 22, 2021, without which there was little incentive for McWilliams to agree to a settlement. (Sharman Aff. ¶¶ 4-5). When the undersigned sent the first draft settlement agreement at 12:54pm on July 21, 2021, the email included language to this effect. (Exh. A). Prior to any acceptance from Mr. Graham, McWilliams, through the undersigned, revoked entirely his offer to settle at 1:36pm (Exh. C). This should end any inquiry as to whether there was an enforceable settlement agreement.

But if this Court finds that Mr. McWilliams was somehow unable to revoke his own offer, McWilliams changed the terms of his offer with a new condition

requiring indemnification from co-Defendant Norfolk Southern (Exh. B). Georgia courts have held:

> (A)n answer to an offer will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. The offer must be accepted unequivocally and without variance of any sort. And if a purported acceptance of the plaintiff's settlement offer imposes any new conditions, it constitutes a counteroffer rather than an acceptance.

Newton v. Ragland, 325 Ga. App. 371, 373, 750 S.E.2d 768, 770 (2013).

When Mr. Graham responded the next afternoon, he attached a signed settlement agreement, but it was the first agreement sent at 12:54pm, not the amended agreement sent at 1:13pm that included the additional term regarding indemnification. (Exh. F). To ratify the revised agreement would have required contacting counsel for Norfolk Southern and securing the indemnification. In any event, there were now two different agreements being circulated with different material terms. The revised offer acted as a counteroffer which revoked the first offer. The counteroffer was never accepted by Mr. Graham nor signed by his client.

In his brief, Plaintiff also misstates the written terms of the draft settlement agreement, claiming that in exchange for payment and continued cooperation with the case, Plaintiff would dismiss McWilliams from the case. Both drafts of the agreement state, "McWilliams will send the payment within 14 days of all Parties executing this Agreement **provided** Bryant files a Stipulation of Dismissal with

10

Prejudice." (emphasis added).  In other words, the payment is contingent on the dismissal.  This is yet another example of Plaintiff being disingenuous in his attempt to create an imaginary dispute over a non-existent settlement.

Should this Court restrict its inquiry as to the enforceability of the first agreement sent at 1:13pm, Mr. Graham admits that he never actually agreed to the material term regarding the dismissal when he returned the signed agreement on July 22, 2021: "I will file the dismissal today, although it was not part of our original agreement." (Exh. E).  Thus, even if this Court does not consider either the written counter-offer (with attached revised agreement) or later revocation effective, there was still no meeting of the minds and no enforceable agreement.

## II. Even If the Agreement is Deemed Enforceable, Plaintiff Failed to Perform

Plaintiff failed to file the Stipulation of Dismissal by July 22, 2021, a material term of the settlement agreement as stated in both the verbal discussion and emails between the undersigned and Mr. Graham.  (Sharman Aff. ¶¶ 4-7). McWilliams had no interest in settling this matter other than avoidance of additional attorney's fees and costs on July 23, 2021 and beyond.  Once the matter was not dismissed prior to his July 23, 2021 deposition, there was no incentive for McWilliams to settle with Plaintiff, as he required representation at his deposition and has since paid attorney's fees and costs for his deposition and another deposition on that day.

10

Plaintiff had an obligation to file the dismissal by July 22, 2021. The Stipulation of Dismissal is attached to both versions of the draft settlement agreement as an exhibit and the agreement itself states that dismissal is a condition of payment. As of this filing, the Plaintiff has not dismissed McWilliams from the case, thus he cannot be entitled to payment without this consideration under the agreement. It would now be prejudicial to McWilliams to force him to pay $7,500 to the Plaintiff after he has expended additional attorney's fees and costs, the avoidance of which was the sole purpose of his even entering into settlement discussions.

### III.    Plaintiff's Motion for Sanctions is not Properly Before This Court

According to the advisory committee notes following Rule 11, a motion for sanctions "should be served promptly after the inappropriate paper is filed." Peer v. Lewis, 606 F.3d 1306, 1313 (11th Cir. 2010) (quoting Fed. R. Civ. P. 11, Advisory Committee Note to 1993 Amend.)). Prompt service of the motion is important because Rule 11(c) includes a "safe harbor" period for the offending party to voluntarily withdraw his pleading without consequence. *See* Fed. R. Civ. P. 11(c)(2). The rule in fact requires that a motion for sanctions be filed with the court "only if" the challenged pleading is not withdrawn before the twenty-one-day safe harbor period expired. Fed. R. Civ. P. 11(c)(2). Sanctions under Rule 11 are thus appropriate "only if" counsel insists on maintaining an untenable position after

receiving notice that a motion for sanctions will be filed. *See id.*

Rule 11 also requires that "a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Here, Plaintiff did not comply with Rule 11 when he combined a Motion to Enforce Settlement with a Motion for Sanctions. It is also unclear what specific conduct or filing by McWilliams is allegedly subject to sanctions as Plaintiff's brief merely asks for "appropriate sanctions levied against the Defendant and/or Defendant's counsel" without any explanation or legal justification. In fact, the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. Here, Plaintiff failed to comply with the safe harbor provision and may, in fact, be subject to sanctions himself.

### IV. The Court Should Award Defendant McWilliams Attorney's Fees for Responding to this Frivolous Motion

Plaintiff's counsel seeks attorney's fees for filing this motion to enforce settlement and for sanctions. As shown *supra*, there was no meeting of the minds and no enforceable agreement. Thus, the motion to enforce settlement is a violation of 28 U.S.C. § 1927 by multiplying the proceedings in this case "unreasonably and vexatiously." *Id.* Moreover, as also shown *supra*, Plaintiff has improperly brought a motion for sanctions and forced McWilliams to expend time and effort to respond to a motion not properly before this court. Therefore,

Plaintiff should pay McWilliams' reasonable attorney's fees for responding to this motion.

V.     **Conclusion**

For the foregoing reasons, this Court should deny Plaintiff's Motion to Enforce Settlement, deny Plaintiff's Motion for Sanctions and Attorney's Fees and instead award McWilliams attorney's fees for the needless increase in the cost of this litigation.

Respectfully submitted this 10th day of September, 2021.

**THE SHARMAN LAW FIRM LLC**

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Defendant Jason McWilliams

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BOBBY W. BRYANT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO.:  5:20-cv-00225-TES |
| NORFOLK SOUTHERN RAILROAD | ) |
| and JASON MCWILLIAMS | ) |
| | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE AND COMPLIANCE**

I hereby certify that on September 10, 2021, the undersigned prepared the foregoing document with one of the font and point selections approved by the court in Local Rule 5.1(c) and electronically filed this with the Clerk of Court using the CM/ECF system which will notify all counsel of record.

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Defendant Jason McWilliams